# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ALQUAN CORTEX PATTON, ] | |
| ] | |
| Movant, ] | |
| ] | |
| v. ] | Case No.: 7:23-cv-8037-ACA |
| ] | |
| UNITED STATES OF AMERICA ] | |
| ] | |
| Respondent. ] | |

## MEMORANDUM OPINION

Alquan Cortex Patton moves, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, arguing that the court erred in assigning him criminal history points for several of his prior convictions. (Doc. 1 at 4–6). Because these claims are procedurally defaulted, the court **WILL DENY** the § 2255 motion and **WILL DENY** Mr. Patton a certificate of appealability.

### I.     BACKGROUND

In 2022, a grand jury indicted Mr. Patton on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Patton*, no. 22-180, doc. 1 (N.D. Ala. May 25, 2022).[1] Mr. Patton pleaded guilty without the benefit of a plea agreement. (*Patton* doc. 23 at 1; *see also Patton* minute

---

[1] The court cites documents from Mr. Patton's criminal proceeding as "*Patton* doc. ___."

entry Sept. 7, 2022). The presentence investigation report calculated that Mr. Patton had a criminal history score of thirteen, resulting in a criminal history category of VI, and a total offense level of nineteen, yielding an advisory guidelines range of sixty-three to seventy-eight months' imprisonment. (*Patton* doc. 22 ¶¶ 34, 55, 91). The court sentenced him to seventy-eight months' imprisonment on each count, to be served concurrently with each other and with the sentences in two pending sate cases. (Doc. 23 at 2). Mr. Patton did not appeal.

## II.   DISCUSSION

Mr. Patton contends that the court erred in calculating his guidelines range because it erroneously assessed several criminal history points. (Doc. 1 at 4–6; doc. 2 at 2–4). The government responds that these claims are procedurally defaulted and meritless. (Doc. 4).

As an initial matter, Mr. Patton's brief also makes a passing reference to the court's calculation of the offense level being incorrect. (Doc. 2 at 2). He did not make that claim in his § 2255 motion. (*See generally* doc. 1). Nor does he provide any facts in support of his argument about his offense level. (*See* doc. 2 at 2). Accordingly, this claim is not properly before the court. *See* Rules Governing § 2254 Cases, Rule 2(b)(1) ("The motion must . . . specify all grounds for relief available to the moving party . . . ."); *id.*, Rule (2) ("The motion must . . . state the facts

supporting each ground . . . ."). Nevertheless, to the extent his motion can be construed to make such a claim, the court **WILL DENY** it as inadequately pleaded.

With respect to Mr. Patton's claim about the calculation of his criminal history score, the court finds that it is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Because Mr. Patton could have made his arguments about the propriety of his criminal history score in a direct appeal of his sentence, his claims about his criminal history score are procedurally defaulted. *See id.*

A § 2255 movant can avoid a procedural default in two ways: (1) by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error" or (2) if he is actually innocent. *Id.* (emphasis omitted). Mr. Patton invokes the first exception, arguing that he could not have raised these claims on direct appeal because he was not aware of the purported errors made by the court. (Doc. 6 at 1–2). But his lack of awareness of the purported errors is not cause excusing his failure to raise the claim on direct appeal: the question is not whether he was aware of the errors but "whether at the time of the direct appeal the claim was available at all." *Lynn*, 365 F.3d at 1235. Because Mr. Patton's challenges to the calculation of his criminal history score were available to him during the time for a

direct appeal, he cannot show entitlement to any exception to the procedural default rule.[2] The court therefore **WILL DENY** his § 2255 motion as procedurally defaulted.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Patton has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

---

[2] In any event, even if Mr. Patton could avoid his procedural default of these claims, claims that a court misapplied the Sentencing Guidelines are not cognizable under § 2255. *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) (en banc).

## IV. CONCLUSION

The court **WILL DENY** Mr. Patton's § 2255 motion and **WILL DENY** him a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this April 29, 2024.

_____
 **ANNEMARIE CARNEY AXON**
 UNITED STATES DISTRICT JUDGE